UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYED SAMI,

                Plaintiff,                Case Number 12-12660
                                                      Honorable David M. Lawson

v.

DETROIT MEDICAL CENTER, DAVID
MARKEL, STEPHEN LEMOS,

                Defendants.
_____/

## ORDER STRIKING SEALED EXHIBITS TO COMPLAINT

On June 18, 2012, the plaintiff filed exhibits to the complaint under seal without obtaining permission from the Court to do so.

A document may be filed under seal in this Court only upon approval of the Court. No order authorizing filing the exhibits under seal has been entered. The exhibits are judicial records, since it serves as evidence of a claim asserted by the plaintiff in his complaint. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) ("The public has a strong interest in obtaining the information contained in the court record."); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). There is, therefore, a "presumptive right" of open judicial records. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983).

Nonetheless, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *Ibid.* However, in exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602 (stating that Court must consider "relevant facts and circumstances of the particular case"); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (noting that a court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests."). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 476. Courts have been permitted to seal documents that could be "used to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," contain "reservoirs of libelous statements for press consumption," or contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The plaintiff has provided the Court with no reasons justifying the filing under seal of these purported "confidential" agreement, nor has he sought leave of Court to file the documents under seal. Therefore, the Court will strike from the record the plaintiff's sealed exhibits to the complaint.

Accordingly, it is **ORDERED** that the plaintiff's sealed exhibits to the complaint [dkt. #2] are **STRICKEN** from the record in this case.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated:  June 25, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2012.

                                    s/Deborah R. Tofil
                                    DEBORAH R. TOFIL