UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYED SAMI,

        Plaintiff,                                  Case Number 12-12660

v.                                                       Honorable David M. Lawson

DETROIT MEDICAL CENTER, DAVID MARKEL,
and STEPHEN LEMOS,

        Defendants.

_____/

**ORDER DENYING MOTION FOR ENTRY OF
STIPULATED PROTECTIVE ORDER**

This matter is before the Court on the stipulated motion for entry of stipulated protective order filed by the parties. It appears that the purpose of the joint request, at least in part, is to allow the parties advance permission to file under seal certain medical records obtained or to be obtained in discovery. The parties have submitted a proposed order with their motion. The proposed order would have the Court declare that the parties "shall not file or otherwise tender to the Clerk any item proposed for sealing unless . . . the documents are Confidential Third Party Medical Records." The proposed order defines the term "Confidential Third[-]Party Medical Records" to include "Any documents containing any third[-]party medical information." The proposed order also recites factual findings that are attributed to the Court.

The Court is wary of entering an order that gives permission in advance to file discovery information under seal. It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the

"long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). As the court of appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records which permits inspection and copying.

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted).

There is a strong public policy in favor of public access to judicial proceedings. *See, e.g., E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). Certainly, the Court has the discretion to limit this access in extraordinary cases, such as when those seeking access intend to "gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," or use court "files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (internal quotation marks and citations omitted). "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know. But . . . the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel*, 723 F.2d at 474.

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599 (court must consider "relevant facts and circumstances of the particular case"); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests."). But as noted above, "there is a strong presumption that court files will be open to the public," which may be overcome only "where a party's interest in privacy . . . outweigh[s] the public interest in disclosure." *Smith v. SEC*, 129 F.3d 356, 359 n.1 (6th Cir. 1997).

Allowing the filing of documents in advance does not allow the Court to engage in the balancing of interests that is required by law. that balancing is achieved in this district through the application of Local Rule 5.3(b)(1), which states: "Except as provided by statute or rule, documents . . . or other items may be sealed in a civil case only by court order." E.D. Mich. LR 5.3(b)(1). A motion or stipulated order to authorize sealing must:

> (i) state the authority for sealing;
> (ii) include an identification and description of each item proposed for sealing;
> (iii) state the reason that sealing each item is necessary;
> (iv) state the reason that a means other than sealing is not available or satisfactory
> to preserve the interest advanced by the movant in support of the seal; and
> (v) have a supporting brief.

E.D. Mich. LR 5.3(b)(1)(A). That is the preferred procedure that should be followed when parties wish to file documents under seal.

In addition, the proposed order suggests a procedure that may contravene the rules that prohibit filing discovery materials. *See* Fed. R. Civ. P. 5(d)(1); E.D. Mich. LR 26.2(a) ("A party . . . may not file discovery material [except] when it provides factual support for a motion, response, or reply."). The Court is not inclined to authorize that procedure.

It appears from the motion that the parties anticipate the need to file medical records that disclose medical treatment of individuals that are not parties to this case. The parties argue that the Health Insurance Portability and Accountability Act (HIPPA), 42 U.S.C. § 300gg *et seq.*, mandates strict confidentiality and requires filing under seal documents containing protected health information. The parties do not accurately represent the current state of the law. The regulations enacted pursuant to HIPPA permit disclosure in the course of litigation where the party seeking disclosure has sought a qualified protective order. 45 CFR § 164.512(e)(1)(ii)(B). A qualified protective order is one which (1) prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (2) requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding. 45 C.F.R. § 164.512(e)(1)(v). *See In re Barrett*, 487 F.3d 353, 363 (6th Cir. 2007). Sealing is not mandated.

Certainly, strangers to this litigation would not take kindly to the public disclosure of their medical information. However, those interests may be protected by redaction as contemplated by Federal Rule of Civil Procedure 5.2(e). Allowing advance permission to file such documents under seal is not necessary. If redaction proves to be insufficient to protect non-party interests, the parties may move to file documents under seal and provide specific reasons for the Court's consideration.

The Court will not enter a stipulated protective order that permits the parties to file any item under seal without first making the required showing as to each item tendered for sealing.

Accordingly, it is **ORDERED** that the stipulated motion for entry of stipulated protective order [dkt. #18] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 10, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 10, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL